UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CRESCENT TOWING & SALVAGE CO., INC. | CIVIL ACTION |
| VERSUS | NO. 08-1544 |
| M/V BELO HORIZONTE | SECTION "N" (4) |

## ORDER and REASONS

Presently before the Court is the Motion for Summary Judgment filed by Crescent Towing & Salvage Co., Inc. (Rec. Doc. 47). The motion is opposed by the interveners, Susan L. Roddy and Lucius J. Ledet, Jr. ("Intervenors"). After reviewing the complaint, the memoranda of the parties, and the applicable law, **IT IS ORDERED** that the motion is **GRANTED**.

## BACKGROUND

On or about April 5, 2008, Eugene Ledet worked on the lower Mississippi River, near Vacherie, Louisiana, as a deck hand for the Crescent Towing vessel M/V NED FERRY. During the course of that work, Mr. Ledet sustained fatal injuries when a mooring line of the nearby M/V BELO HORIZONTE parted and struck him. As a result of this accident, Crescent Towing asserted claims against the M/V BELO HORIZONTE. Susan Roddy and Lucius Ledet, Jr., Mr. Ledet's siblings, intervened. They also filed supplemental pleadings against Mr. Ledet's employer, Crescent Towing, asserting claims for relief under the Jones Act and general maritime law. With

1

its motion for summary judgment, Crescent Towing seeks dismissal of Intervenors' claims for "loss of society" damages.

## ANALYSIS

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). Crescent Towing's motion raises a question of law, *i.e.*, the legal availability of loss of society damages in this matter.

At the time of his death, Mr. Ledet was a Jones Act seaman working in Louisiana territorial waters. Given this, Crescent Towing argues that, under Supreme Court and Fifth Circuit jurisprudence, the surviving relatives of a seaman cannot recover loss of society damages. Intervenors disagree, asserting that such non-economic damages are recoverable if the surviving relatives were financially and physically dependent upon the seaman prior to his death.[1]

In *Miles v. Apex Marine Corp.,* 498 U.S. 19, 33, 37, 111 S. Ct. 317, 326, 328 (1990), the Supreme Court determined that loss of society damages were not available under general maritime law in a wrongful death action brought by the mother of a Jones Act seaman who was stabbed to death while aboard a vessel docked in state territorial waters. For several reasons, the Court disagrees with Intervenors' contention that the ruling stated in *Miles* applies only to claims by non-dependent survivors.

---

[1] Intervenors' submission indicates that Mr. Eugene Ledet provided both financial and physical support to Mrs. Roddy prior to his death. There is no indication, however, that Mr. Lucius Ledet, Jr., was similarly dependent.

2

First, the Supreme Court in *Miles* did not *expressly* limit its decision to claims by non-dependent survivors as it certainly could have.[2] Rather, the Court stated: "Today we restore a uniform rule applicable to all actions [against the employer] for the wrongful death of a seaman [as opposed to a longshoreman], whether under DOHSA [Death on the High Seas Act], the Jones Act, or general maritime law." *Id*. at 33; 111 S. Ct. at 326. Notably, in *Mobil Oil Corp. v. Higginbotham*, 436 U.S. 618, 98 S. Ct. 2010 (1978), the Supreme Court, guided by the pecuniary loss standard prescribed by DOHSA, had determined that *widows* of passengers killed in a helicopter crash on the high seas could not recover "loss of society" damages under general maritime law.

Further, in *Miles*, the Supreme Court looked to jurisprudence existing at the time Congress enacted the Jones Act, *Michigan Central Railroad Co. v. Vreeland*, 227 U.S. 59, 33 S. Ct. 192 (1913), for guidance. Significantly, in *Vreeland,* which involved wrongful death claims by the *widow* of a deceased employee, the Court construed the Federal Employers' Liability Act (FELA) to provide recovery for only pecuniary loss. *See Vreeland*, 227 U.S. at 68-74; 33 S. Ct. at 195-97; *see also Miles*, 498 U.S. 19, 32, 111 S. Ct. at 325 (discussing *Vreeland)*. Similarly, two Fifth Circuit panels have relied upon *Miles* in limiting the damages available under general maritime law to spouses of *injured* Jones Act seamen. *See Murray v. Anthony J. Bertucci Constr. Co., Inc.,* 958 F.2d 127, 131-32 (5th Cir.)(loss of society damages), *cert. denied*, 504 U.S. 865, 113 S. Ct. 190 (1992); *Michel v. Total Transp., Inc.,* 957 F.2d 186, 191 (5th Cir. 1992) (loss of consortium damages not available).

Given the foregoing jurisprudence, this Court finds no basis for concluding that claims by

---

[2] *Miles* involved a wrongful death claim against a seaman's employer by a non-dependent parent.

*dependent* relatives of a Jones Act seaman, asserted against the seaman's employer, are exempt from the proscription recognized in *Miles* against loss of society damages in wrongful death actions under general maritime law. Indeed, in *Murray*, the Court of Appeals stated: "*Miles* makes it clear that the *widow* of a seaman cannot recover loss of society whether the death occurs in territorial waters or on the high seas." *See Murray*, 958 F.2d at 131 (emphasis added). Similarly, in *American River Transp. Co. v. U.S. Maritime Servs., Inc.*, 490 F.3d 351, 356 (5th Cir. 2007), the Fifth Circuit, though addressing a wrongful death claim by the surviving parents of a longshoreman, described the Supreme Court's decision in *Miles* as precluding survivors of seamen – whether dependent or not – from recovering loss of society damages under general maritime law.[3] Under these circumstances, the Court finds that Intervenors' claims for loss of society damages have no legal merit and must be dismissed.[4]

---

[3] In *American River*, moreover, the Fifth Circuit explained *its* holding in *Miles* as rejecting the mother's loss of society claims because she had not been financially dependent on her son. As noted by the Fifth Circuit, although the Supreme Court in *Miles* affirmed the lower courts' determination that loss of society damages were not available, it "did so on different grounds." *American River*, 490 F.3d at 355.

[4] Additionally, the Court does not find the recent Supreme Court decision in *Atlantic Sounding Co., Inc., v. Townsend*, 129 S. Ct. 2561, 2571-74 (2009), to require or suggest a different result. There, the Supreme Court described *Miles* as addressing a different issue; therefore, it was distinguishable and "remain[ed] sound." *Id*. at 2572.

## CONCLUSION

Considering the foregoing, **IT IS ORDERED** that Crescent Towing and Salvage Company, Inc.'s "Motion for Summary Judgment on Loss of Society" is **GRANTED**. **IT IS FURTHER ORDERED** that Intervenors' loss of society claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 21st day of December 2009.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**